ARKANSAS POWER & LIGHT COMPANY *v.* GRAVES.

4-3555

Opinion delivered October 15, 1934.

Rose, Hemingway, Cantrell & Loughborough, for appellant.

T. E. Abington and Tom W. Campbell, for appellee.

McHANEY, J. Appellee recovered judgment for $3,000 against appellant for personal injuries she alleged she sustained while riding as a passenger on appellant's street car on the 15th Street car line in the city of Little Rock, on May 30, 1931. She is the only witness who testified as to how the alleged injury occurred. The operator of the street car was dead at the time of trial and made no report of an accident on said date. Only one other passenger was on the car, and he was not available as a witness. Appellee testified that she boarded the car at the end of the line at 25th and Summit. As they were traveling east on 16th Street, she noticed the motorman writing in a small book and not keeping a lookout, and, just as the car entered the intersection of 16th and Battery, the latter being a boulevard stop, the motorman noticed that he was about to collide with an automobile traveling on Battery Street, and that he made an emergency stop which was so sudden and violent as to throw her forward against the window frame and seat in front of her, causing the injuries of which she complains.

For a reversal of the judgment against it, appellant assigns as error the giving of appellee's instructions Nos. 1 and 2. These instructions will be copied by the

reporter in a footnote to this opinion. The criticism made of No. 1 is that the only issue made by the pleadings was the failure of the motorman to keep a proper lookout, and that said instruction not only submitted that issue, but went further and submitted ''the false issue as to whether or not the motorman was negligent in stopping the car suddenly in an effort to avoid an imminent collision.'' It is insisted that it was the motorman's duty to stop as quickly as possible under the circumstances, and that no liability can be predicated on the fact that he made a quick and sudden stop. In other words, ''the motorman could not do right and wrong at the same time.'' A number of cases are cited from other jurisdictions holding to the effect that liability against a street railway company cannot be predicated on an injury caused by a sudden stop in order to avoid a collision in an emergency created by the act of some third person or agency over which the motorman had no control. For instance, in the case of *Cleveland City Ry.*

*Co.* v. *Osbourn,* 66 Ohio State 45, 63 N. E. 604, the appellee was a passenger on a street car which was brought to a sudden stop in order to avoid a collision with a bakery wagon which was driven on the track directly in front of the street car. From a judgment based on the sudden stop, the court on appeal held that it was the duty of the motorman to stop in order to avoid a collision with the wagon,—an emergency created by the act of a third person. Recovery was denied, the court saying: "The judgment of the lower court presents the anomaly of requiring of one the strict performance of an act as a legal duty, yet requiring it at his peril. One cannot do right and do wrong at the same time." Here the facts are entirely different. An emergency was created or arose, not by any act of a third person, but by the negligence of the motorman himself in failing to keep a proper lookout and in failing to bring his car to a stop in the usual and customary way at a boulevard stop. It was his duty to bring his car to a stop at 16th and Battery, whether an automobile was crossing the street car track at that time or not, and had he kept a proper lookout, he no doubt would have done so in the usual way. Having created the emergency by his own negligence, appellant cannot escape liability thereon. We therefore hold said instructions were proper under the facts of this case.

Error is also assigned for the refusal of the court to give requested instructions 9, 11 and 12. We do not set them out for, in so far as 9 and 11 were correct, they were fully covered by other instructions given. No. 12 would have told the jury that they could not compare the negligence of appellee, if any, with that of appellant, if any, but that, if appellee were negligent and such negligence contributed to her injuries in any slightest degree,. she could not recover. Instructions were given on contributory negligence, and it was not necessary to repeat them.

No error appearing, the judgment must be affirmed.